IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID RAY THOMAS,                )
                                 )
        Petitioner,               )
                                 )
                                 )   CIV-12-705-W
v.                               )
                                 )
JUSTIN JONES, Director,          )
                                 )
        Respondent.               )

## REPORT AND RECOMMENDATION

Petitioner, who appears *pro se*, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the convictions entered against him in the District Court of Rogers County, Case No. CRF-84-121.[1] Additionally, Petitioner has not submitted the requisite $5.00 filing fee or an application seeking leave to proceed *in forma pauperis*. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Having reviewed the Petition under Rule 4, Rules Governing Section 2254 Cases in the United States District Court, the undersigned finds:

(1) that the Petitioner is presently a prisoner in the custody of the Oklahoma

---

[1] Petitioner filed a previous 28 U.S.C. § 2254 petition for a writ of habeas corpus in this Court, David R. Thomas v. R. Michael Cody, Case No. CIV-93-199-W, seeking habeas relief for alleged appellate delays. The Petition was dismissed as moot, and Petitioner did not appeal this decision. This action does not appear to render the instant action successive. However, in light of the recommendation the undersigned makes no findings regarding successiveness or timeliness concerning the instant Petition.

Department of Corrections, and confined at the Lawton Correctional Facility, Lawton, Comanche County, Oklahoma, which is located within the territorial confines of the Western District of Oklahoma, 28 U.S.C. § 116(c);

(2) that the Petitioner demands his release from such custody and alleges he is being deprived of his liberty in violation of his rights under the Constitution of the United States;

(3) that the court which imposed upon Petitioner the judgments of conviction and sentences under attack was the District Court of Rogers County, Oklahoma, which is located within the territorial confines of the Northern District of Oklahoma, 28 U.S.C. § 116(a);

(4) that the United States District Court for the Northern District of Oklahoma, based on the place of conviction, and the United States District Court for the Western District of Oklahoma, based on the place of custody, have concurrent jurisdiction to entertain the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(d).

It is a long-standing policy of this Court, see Gloria Curls v. Mary Livers, Case No. CIV-89-1310 (W.D. Okla. 1989)(Opinion and Order), that justice would be better served by the adjudication of habeas petitions in the district court where the conviction was entered because this is the district where the trial or plea proceedings were conducted, court officials and records are located, where counsel for the prosecution and petitioner are ostensibly available, and potential witnesses usually reside. These factors are particularly germane to the instant matter considering the issues raised in the Petition.

This Court, in its discretion and the furtherance of justice, may transfer this application to the United States District Court for the Northern District of Oklahoma, the

district where the convictions and sentences under attack occurred. 28 U.S.C. § 2241(d). Balancing the convenience of the two forums and in the interests of justice, the federal court in the Northern District of Oklahoma is the appropriate court to determine the merits of the Petition.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus be TRANSFERRED to the United States District Court for the Northern District of Oklahoma for determination. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 18th, 2012, in accordance with 28 U.S.C. § 636 and LCvR 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 28th day of June, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE