**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID R. THOMAS, | ) |
|       Petitioner, | ) |
| vs. | ) Case No. 12-CV-429-TCK-FHM |
| JUSTIN JONES, Director DOC, | ) |
|       Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 13). Petitioner did not file a response to the motion. Respondent's argument for dismissal is premised on the allegation that Petitioner, a state inmate appearing pro se, failed to file his petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and the petition dismissed with prejudice as time barred.

*BACKGROUND*

Petitioner was convicted by a jury of four (4) counts of First Degree Manslaughter in Rogers County District Court, Case No. CRF-1984-121, and was sentenced to fifteen (15) years imprisonment on each count. See Dkt. # 14, Ex. 5 (order of the Oklahoma Court of Criminal Appeals (OCCA) affirming denial of post-conviction relief and summarizing procedural history of Petitioner's case). Petitioner appealed to the OCCA where his Judgment and Sentence was reversed and remanded for a new trial. Id. (citing Thomas v. State, 777 P.2d 399 (Okla. Crim. App. 1989)).

At the conclusion of Petitioner's second trial, he was again convicted by a jury of four (4) counts of First Degree Manslaughter. Id. However, he received a harsher sentence of twenty-five (25) years imprisonment on each count, with the sentences ordered to run consecutively. See id. Petitioner again appealed to the OCCA. In an unpublished summary opinion, filed December 17, 1993, in Case No. F-90-795 (Dkt. # 14, Ex. 1), the OCCA affirmed the judgment and sentence of the trial court.

Petitioner took no further action to challenge his convictions and sentences until more than eighteen (18) years later when, on December 22, 2011, he filed a "request for modification of sentence out of time." See Dkt. # 14, Ex. 2. By order filed January 11, 2012 (Dkt. # 14, Ex. 3), the state district court adjudicated the request as an application for post-conviction relief and denied the requested relief. Petitioner filed an appeal to the OCCA. By order filed March 29, 2012, in Case No. PC-2012-71 (Dkt. # 14, Ex. 5), the OCCA affirmed the district court's denial of the requested relief.

On June 21, 2012, Petitioner filed his federal petition for writ of habeas corpus (Dkt # 1) in the United States District Court for the Western District of Oklahoma. By Order filed July 31, 2012 (Dkt. # 8), the case was transferred to this district court. In response to the petition, Respondent asserts that the petition is time barred. See Dkt. # 13.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

Case 4:12-cv-00429-TCK-FHM   Document 15  Filed in USDC ND/OK on 01/02/13   Page 3 of 7

>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996.  In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds.  Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998).  Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), this habeas petition was not filed within the one-year limitations period. Petitioner's conviction entered in Rogers County District Court, Case No. CRF-1984-121, became final on March 17, 1994, after the OCCA concluded direct review on December 17, 1993, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

3

Thus, Petitioner's conviction became final before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997. Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner's "request for modification of sentence out of time" was filed long after expiration of the grace period and does not serve to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, this habeas corpus petition, filed June 21, 2012, appears to be untimely.

Petitioner did not file a response to the motion to dismiss. In his petition (Dkt. # 1), however, Petitioner makes the statement that he did not find out about the Supreme Court's decision North Carolina v. Pearce, 395 U.S. 711 (1969) (holding that the due process guarantee precludes increased sentences when the increase is motivated by vindictiveness on the part of the sentencing judge), *overruled in part on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989), until twenty (20) years after the conclusion of his direct appeal. That statement is insufficient to entitle Petitioner to either application of 28 U.S.C. § 2244(d)(1)(D) or equitable tolling.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's claim arose at the time

4

of resentencing when he received a harsher sentence at the conclusion of his retrial than he received at the conclusion of his original trial. Knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, § 2244(d)(1)(D) does not apply to make this petition timely.

The Court further finds that Petitioner is not entitled to equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000).

More than eighteen (18) years passed between the conclusion of Petitioner's direct appeal on December 17, 1993, and the filing of his "request for sentence modification out of time" on December 22, 2011. That amount of time does not support a finding of diligence sufficient to support entitlement to equitable tolling. Furthermore, ignorance of the law does not entitled a pro se prisoner to equitable tolling. Marsh, 223 F.3d at 1220. Therefore, the Court concludes that the petition, filed June 21, 2012, or more than fifteen (15) years after expiration of the AEDPA grace period, is untimely. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling

resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to file within the limitations period (Dkt. # 13) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

3. A separate Judgment shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED THIS 2nd day of January, 2013.**

*[Signature: Terence Kern]*
**TERENCE KERN**
**United States District Judge**